# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN McSWAIN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL CASE NO. H-10-3975 |
| § | | |
| NATIONWIDE PROPERTY & § | | |
| CASUALTY INSURANCE CO., *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Remand [Doc. # 3], to which Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") filed an Opposition [Doc. # 8]. Having considered the full record and the applicable legal authorities, the Court concludes that it lacks jurisdiction over this dispute and **grants** the Motion to Remand.

## I.   BACKGROUND

Plaintiff is a citizen of Texas, as is Defendant The Dollar Agency, Inc. ("Dollar"). Plaintiff was the insured under an insurance policy issued by Nationwide and sold to Plaintiff by Dollar. Plaintiff alleges that she made a claim under the policy for damage to the insured property during Hurricane Ike. Plaintiff further alleges that the claim was improperly denied.

Plaintiff filed suit in the 11th Judicial District Court of Harris County, Texas. Nationwide filed a Notice of Removal, asserting that Dollar, the non-diverse Defendant, was improperly joined. Plaintiff filed a timely Motion to Remand, which is now ripe for decision.

## II.   ANALYSIS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)).

Nationwide asserts that Dollar was improperly joined and that, as a result, the Court should disregard Dollar's Texas citizenship for purposes of diversity jurisdiction.  A non-diverse defendant may be found to be improperly joined if either

there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA,* Inc., 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514.

It is well-established that Texas law allows a plaintiff to maintain a cause of action under the Texas Insurance Code against the insurance agent. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998); *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002); *Cornman v. State Farm Lloyds*, 2001 WL 34098622, *4 (S.D. Tex. Nov. 19, 2001). Plaintiff alleges in the Original Petition that Dollar misrepresented the extent of actual coverage and

further misrepresented that Nationwide was a reputable insurance company that would fairly and adequately pay valid claims for hurricane damage.

Nationwide argues that the insurance agent has no duty to explain the terms of an insurance policy to the insured and that, instead, the insured has a duty to read and be familiar with the terms of the policy. Plaintiff does not rely, however, on Dollar's failure to explain the insurance policy to her. Instead, Plaintiff alleges that Dollar made affirmative misrepresentations that induced her to purchase the Nationwide policy. Based on these allegations, particularly under the more lenient pleading requirements of Texas procedure, this Court cannot find that there is no possibility Plaintiff can state a claim against Dollar under the Texas Insurance Code.

Nationwide has not carried its burden to establish that Dollar was improperly joined. Because Plaintiff and Dollar are Texas citizens, complete diversity of citizenship is absent and this Court lacks subject matter jurisdiction over this dispute.

### III.   **CONCLUSION AND ORDER**

For the foregoing reasons, the Court concludes that Dollar was not improperly joined as a defendant. As a result, the Court lacks subject matter jurisdiction in this case and the action must be remanded to the 11th Judicial District Court of Harris County, Texas. It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 3] is **GRANTED** and this case is remanded to the 11th Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction. The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this 10th day of **December, 2010**.

_____
Nancy F. Atlas
United States District Judge